**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**JOHNSTOWN DIVISION**

| | |
|---|---|
| GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC MEYERSDALE, LP, d/b/a GOLDEN LIVING CENTER – MEYERSDALE; GGNSC MEYERSDALE GP, LLC; GPH MEYERSDALE, LP; GPH MEYERSDALE GP, LLC; GGNSC HOLDINGS, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC CLINICAL SERVICES, LLC; and GOLDEN GATE ANCILLARY, LLC, | CIVIL ACTION<br><br>Case No. <u>3:16-cv-164</u> |
| Plaintiffs, | |
| vs. | |
| HOPE N. HENDERSHOT-BROWN, Administratrix for the Estate of JOHN R. HENDERSHOT, deceased, | |
| Defendant. | |

**COMPLAINT TO COMPEL ARBITRATION AND STAY PROCEEDINGS**
**IN COURT OF COMMON PLEAS OF SOMERSET COUNTY, PENNSYLVANIA**

AND NOW come Plaintiffs, Golden Gate National Senior Care, LLC; GGNSC Meyersdale, LP, d/b/a Golden Living Center – Meyersdale; GGNSC Meyersdale GP, LLC; GPH Meyersdale, LP; GPH Meyersdale GP, LLC; GGNSC Holdings, LLC; GGNSC Equity Holdings, LLC; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; and Golden Gate Ancillary, LLC, by and through their undersigned counsel, Burns White LLC, Patrick L. Mechas, Esquire, and Andrew C. Hazi, Esquire, and file the following Complaint to Compel

Arbitration and Stay Proceedings in Court of Common Pleas of Somerset County, Pennsylvania, averring as follows:

## I.   PROCEDURAL BACKGROUND

1. Defendant in this action, Hope N. Hendershot-Brown, Administratrix for the Estate of John R. Hendershot, deceased, commenced a general docket civil action in the Civil Division of the Court of Common Pleas of Somerset County, Pennsylvania, by the filing of a Complaint and Certificates of Merit on or about September 1, 2017, at Docket Number 513 Civil 2017. A true and correct copy of the state court Complaint is attached as **Exhibit 1.**

2. John R. Hendershot (hereinafter "Decedent") was a resident at the GGNSC Meyersdale, LP d/b/a Golden LivingCenter-Meyersdale skilled nursing facility (hereinafter "GL-Meyersdale") in Somerset County, Pennsylvania, from October 23, 2015 to February 29, 2016.

3. Decedent executed an Admission Agreement on October 23, 2015 at the time of his admission to GL-Meyersdale. A true and correct copy of the Admission Agreement executed by Decedent is attached as **Exhibit 2**.

4. At the time of Decedent's admission to the GL-Meyersdale skilled nursing facility on October 23, 2015, Decedent also executed a valid and enforceable Alternative Dispute Resolution Agreement ("ADR Agreement"). This ADR Agreement governs the dispute between the parties to this action. A true and correct copy of the ADR Agreement executed by Decedent is attached as **Exhibit 3.**

## II.   PARTIES

5. Plaintiff Golden Gate National Senior Care, LLC is a Delaware limited liability company. The sole member of Golden Gate National Senior Care LLC is GGNSC Holdings, LLC (*See* ¶ 10 *infra*). Therefore, Golden Gate National Senior Care, LLC is a citizen of Delaware and California.

6.     Plaintiff GGNSC Meyersdale, LP d/b/a Golden LivingCenter-Meyersdale is a Delaware limited partnership[1] which operated a duly licensed skilled nursing facility in Somerset County, Pennsylvania, during the timeframe of Decedent's admission.  The sole general partner of GGNSC Meyersdale, LP d/b/a Golden LivingCenter-Meyersdale is GGNSC Meyersdale, GP, LLC.  (*See* ¶ 7 *infra*).  The sole limited partner of GGNSC Meyersdale, LP d/b/a Golden LivingCenter-Meyersdale is GGNSC Equity Holdings, LLC.  (*See* ¶ 11 *infra*).  Therefore, GGNSC Meyersdale, LP d/b/a Golden LivingCenter-Meyersdale is a citizen of Delaware and California.

7.     Plaintiff GGNSC Meyersdale, GP, LLC is a Delaware limited liability company.[2]  The sole member of GGNSC Meyersdale, GP, LLC is GGNSC Equity Holdings, LLC.  (*See* ¶ 11 *infra*).  Therefore, GGNSC Meyersdale, GP, LLC is a citizen of Delaware and California.

8.     Plaintiff GPH Meyersdale, LP is a Delaware limited partnership.  Its sole general partner is GPH Meyersdale, GP, LLC.  (*See* ¶ 9 *infra*).  Therefore, Plaintiff GPH Meyersdale, LP is a citizen of Delaware and Texas.

9.     Plaintiff GPH Meyersdale, GP, LLC is a Delaware limited liability company.  Its sole member is Geary Property Holdings, LLC (*See* ¶ 15 *infra*).  Therefore, GPH Meyersdale, GP, LLC is a citizen of Delaware and Texas.

10.    Plaintiff GGNSC Holdings, LLC is a Delaware limited liability company.  The sole member of GGNSC Holdings, LLC is Drumm Corporation, a Delaware corporation with a

---

[1] For jurisdictional purposes, to determine the citizenship of a limited partnership, the court must look to the citizenship of the partners.  *Carlsberg Resources Corp. v. Cambria Savings and Loan Association,* 554 F.2d 1254 (3d Cir. 1977).  The rationale is that a limited partnership is an unincorporated association and its citizenship is deemed to be that of the members composing the association.  *Trent Realty Association v. First Federal Savings & Loan Association,* 657 F.2d 29, 32 (3d Cir. 1981).

[2] For jurisdictional purposes, a limited liability company's citizenship is determined by the citizenship of its members.  *Johnson v. SmithKline Beacham Corp.,* 853 F.Supp.2d 487, 490 (E.D. Pa. 2012), *citing Zambelli Fireworks Manufacturing Co. v. Wood,* 592 F.3d 412 (3d Cir. 2010)).  Thus, a court must look to the citizenship of each of the limited liability company's members when performing the diversity jurisdiction analysis.  *Id.*

nerve center located in San Francisco, California.  Therefore, GGNSC Holdings, LLC is a citizen of Delaware and California.

11. Plaintiff GGNSC Equity Holdings, LLC, is a Delaware limited liability company. The sole member of GGNSC Equity Holdings, LLC is Golden Gate National Senior Care, LLC (*See* ¶ 5 *infra*).  Therefore, GGNSC Equity Holdings, LLC is a citizen of Delaware and California.

12. Plaintiff GGNSC Administrative Services, LLC, is a Delaware limited liability company.  The sole member of GGNSC Administrative Services, LLC is GGNSC Holdings, LLC (*See* ¶ 10 *infra*).  Therefore, GGNSC Administrative Services, LLC is a citizen of Delaware and California.

13. Plaintiff GGNSC Clinical Services, LLC is a Delaware limited liability company. The sole member of GGNSC Clinical Services, LLC is Golden Gate National Senior Care, LLC. (*See* ¶ 5 *infra*).  Therefore, GGNSC Clinical Services, LLC is a citizen of Delaware and California.

14. Plaintiff Golden Gate Ancillary, LLC is a Delaware limited liability company. The sole member of Golden Gate Ancillary, LLC is GGNSC Holdings, LLC.  (*See* ¶ 10 *infra*). Therefore, Golden Gate Ancillary, LLC is a citizen of Delaware and California.

15. Geary Property Holdings, LLC is a Delaware limited liability company.  Its sole member is Beverly Enterprises, Inc.  (*See* ¶ 16 *infra*).  Therefore, Geary Property Holdings, LLC is a citizen of Delaware and Texas.

16. Beverly Enterprises, Inc. is a Delaware corporation with its principal place of business and nerve center in Plano, Texas.  Therefore, Beverly Enterprises, Inc. is a citizen of Delaware and Texas.

17. According to the state court Complaint, Defendant herein, Hope N. Hendershot-Brown, "is an adult individual and citizen of the Commonwealth of Pennsylvania[3], residing at 13412 81st Avenue Court E, Puyallup, WA 98373." (*See* Ex. 1 ¶ 3). Ms. Hendershot-Brown commenced a civil action in the Court of Common Pleas of Somerset County, Pennsylvania.

### III. JURISDICTION AND VENUE

18. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) and 9 U.S.C. § 4 of the Federal Arbitration Act.

19. Complete diversity of citizenship exists between the Plaintiffs and Defendant[4], and a true case and controversy exists.

20. The Complaint filed in the underlying state court action alleges that Decedent sustained injuries and damages as a result of allegedly negligent care provided to Decedent by GL-Meyersdale staff and due to allegedly negligent corporate oversight of the facility by the Plaintiffs herein. (*See* Ex. 1).

21. The compulsory arbitration limit in Somerset County, Pennsylvania, is $50,000.00, and Defendant filed a general docket civil action.

22. The Complaint filed in the underlying state court action seeks actual and punitive damages, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

23. At all relevant times, the transactions and contracts or agreements that are subject of this action are between citizens of different states and the same involve and substantially effect interstate commerce. Further, the controversies that are subject of this action arise out of

---

[3] Upon information and belief, and based upon Ms. Hendershot-Brown's state court Complaint, the allegation that Ms. Hendershot-Brown is a citizen of Pennsylvania is a typographical error in the state court Complaint.
[4] Complete diversity of citizenship exists regardless of whether Ms. Hendershot-Brown is a citizen of Washington and/or a citizen of Pennsylvania.

transactions, contracts or agreements within the scope of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*

24. The voluntary ADR Agreement executed by Decedent and attached as Exhibit 3 explicitly provides that upon execution of the ADR Agreement, the ADR Agreement "becomes part of the Admission Agreement, and that the Admission Agreement evidences a transaction in interstate commerce governed by the Federal Arbitration Act." (*See* Ex. 3 at 1).

25. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District. This matter involves the claims raised by Hope N. Hendershot-Brown in state court in the County of Somerset, Pennsylvania. The claims involve the residency of Decedent at the GL-Meyersdale skilled nursing facility, which is located in Meyersdale, Somerset County, Pennsylvania. The ADR Agreement at issue was executed by Decedent at the GL-Meyersdale facility.

### IV.   FACTUAL ALLEGATIONS

26. Plaintiffs incorporate by reference all preceding paragraphs of this pleading as if the same were set forth at length herein.

27. On October 23, 2015, Decedent was admitted to the GL-Meyersdale skilled nursing facility located in Meyersdale, Pennsylvania.

28. During the admission process, Decedent, being of sound mind, knowingly and voluntarily executed the ADR Agreement and Admission Agreement. (*See* Ex. 3).

29. The ADR Agreement was presented separately from the Admissions Agreement and was not a condition of Decedent's admission to the GL-Meyersdale skilled nursing facility.

30. Further, the ADR Agreement signed by Decedent is to be explicitly governed by the FAA, it became part of an Admission Agreement upon execution, and is a transaction substantially affecting interstate commerce. (*See* Exs. 2 and 3).

31. The ADR Agreement provides that the term "Facility" shall mean "the living center, its employees, agents, officers, directors, affiliates and any parent or subsidiary of Facility and its medical director acting in his or her capacity as medical director." (*See* Ex. 3 at 1).

32. Additionally, the ADR Agreement provides that the term "Resident" shall refer to "the Resident, all persons whose claim is or may be derived through or on behalf of the Resident, including any next of kin, guardian, executor, administrator, legal representative or heir of the Resident, and any person who has executed this Agreement on the Resident's behalf." (*See* Ex. 3 at 1).

33. The ADR Agreement applies to the following disputes:

> This Agreement applies to any and all disputes arising out of or in any way relating to this Agreement or to the Resident's stay at the Facility or the Admissions Agreement between the Parties that would constitute a legally cognizable cause of action in a court of law sitting in the state where the Facility is located. Covered Disputes include but are not limited to all claims in law or equity arising from one Party's failure to satisfy a financial obligation to the other Party; a violation of a right claimed to exist under federal, state, or local law or contractual agreement between the Parties; tort; breach of contract; consumer protection; fraud; misrepresentation; negligence; gross negligence; malpractice; and any alleged departure from any applicable federal, state, or local medical, health care, consumer, or safety standards.

(*See* Ex. 3 at 2).

34. The ADR Agreement conspicuously notes in two locations (immediately under the page one heading in emphasized capital letters, and again on page three), that execution of the ADR Agreement was not a precondition to admission for services at the facility and was not a condition for the continued provision of services at the facility. (Ex. 3, pp. 1 and 3).

35. The ADR Agreement also informs of the right to obtain an attorney before executing the agreement, and it provides a thirty-day window following execution to rescind. (Ex. 3, p. 3).

7

36. Any and all of the claims set forth in the state court Complaint against Plaintiffs are covered disputes within the scope of the ADR Agreement. All of the claims set forth in the state court Complaint arise from and relate to Decedent's residency at the GL-Meyersdale skilled nursing facility.

37. Despite the existence of the ADR Agreement, Defendant herein initiated a general docket civil action by filing a Complaint in the Court of Common Pleas of Somerset County, Pennsylvania.

### V.   ACTION TO COMPEL ARBITRATION

38. Plaintiffs incorporate by reference all preceding paragraphs of this pleading as if the same were set forth at length herein.

39. The FAA governs the ADR Agreement at issue in the instant action.

40. Section 2 of the FAA requires judicial enforcement of arbitration agreements, except where such grounds exist at law or in equity for the revocation of any contract:

> [a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

*See* 9 U.S.C. § 2.

41. Section 4 of the FAA provides that Plaintiffs may petition this Honorable Court due to Defendant's failure to arbitrate as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in

> such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

9 U.S.C. § 4.

42. Section 3 of the FAA provides that the state court proceeding in Somerset County, Pennsylvania, shall be stayed on application of Plaintiffs as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

43. Section 4 of the FAA provides Plaintiffs the right to petition this Honorable Court for an Order directing that arbitration proceed in the manner provided for in the ADR Agreement attached as Exhibit 3.

44. A valid and enforceable arbitration agreement exists which covers disputes arising out of or in any way relating to Decedent's residency at GL-Meyersdale.

45. The execution of the Admission Agreement and ADR Agreement by Decedent upon his admission to GL-Meyersdale on October 23, 2015, as well as Defendant's lawsuit against Plaintiffs in the Court of Common Pleas of Somerset County, Pennsylvania, evidences a transaction involving interstate commerce under 9 U.S.C. § 2.

9

WHEREFORE, Plaintiffs, Golden Gate National Senior Care, LLC, GGNSC Meyersdale, LP, d/b/a Golden Living Center – Meyersdale; GGNSC Meyersdale GP, LLC; GPH Meyersdale, LP; GPH Meyersdale GP, LLC; GGNSC Holdings, LLC; GGNSC Equity Holdings, LLC; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; and Golden Gate Ancillary, LLC, respectfully request that this Honorable Court enter an Order finding the ADR Agreement to be valid and enforceable, compelling Defendant to submit all claims and disputes in accordance with the ADR Agreement attached as Exhibit 3, with Plaintiffs' costs and fees of this action taxed to Defendant, and for any further relief this Court deems just.

### VI. ACTION TO STAY PROCEEDINGS IN THE COURT OF COMMON PLEAS OF SOMERSET COUNTY, PENNSYLVANIA, AT DOCKET NUMBER 513 CIVIL 2017 UNDER THE FEDERAL ARBITRATION ACT

46. Plaintiffs incorporate by reference all preceding paragraphs of this pleading as if the same were set forth at length herein.

47. Defendant has refused to arbitrate claims against Plaintiffs as evidenced by Defendant initiating a state court action in the Court of Common Pleas of Somerset County, Pennsylvania, and filing a Complaint.

48. Section 4 of the FAA provides Plaintiffs the right to petition this Honorable Court for an Order directing that arbitration proceed according to the terms agreed between the parties as set forth in the ADR Agreement attached as Exhibit 3.

49. Section 3 of the FAA provides that upon application, the proceeding initiated by Defendant in the Court of Common Pleas of Somerset County, Pennsylvania, shall be stayed as a result of arbitration according to the terms of the arbitration agreement.

50. The disputes arising out of or in any way relating to Decedent's residency at GL-Meyersdale must be submitted to binding arbitration in accordance with the terms of the ADR Agreement and the state court action must be stayed.

WHEREFORE, Plaintiffs, Golden Gate National Senior Care, LLC, GGNSC Meyersdale, LP, d/b/a Golden Living Center – Meyersdale; GGNSC Meyersdale GP, LLC; GPH Meyersdale, LP; GPH Meyersdale GP, LLC; GGNSC Holdings, LLC; GGNSC Equity Holdings, LLC; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; and Golden Gate Ancillary, LLC, respectfully request that this Honorable Court enter an Order staying the proceedings in the Court of Common Pleas of Somerset County, Pennsylvania and marking the matter administratively closed pending the conclusion of the binding arbitration of Defendant's claims and disputes.

## VII. ACTION TO ENJOIN DEFENDANT UNDER THE ANTI-INJUNCTION ACT

51. Plaintiffs incorporate by reference all preceding paragraphs of this pleading as if the same were set forth at length herein.

52. The Anti-Injunction Act, 28 U.S.C. § 2283, provides authority for this Court to enjoin Defendant from further pursuing the state court action due to the existence of a valid arbitration agreement. *See In re: General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 134 F.3d 133 (3d Cir. 1998)*; Insurance Newsnet.com, Inc. v. Pardine*, 2011 WL 3423081 (M.D. Pa. 2011), *Morgan Stanley Dean Witter Reynolds, Inc. v. Entenman*, No. 03–2247, 2003 WL 22020065 (E.D. Pa. July 3, 2003); *Central Reserve Life Insurance Co. v. Marelllo*, No. 00–3344, 2001 WL 41129 (E.D. Pa. January 17, 2001); *Specialty Bakeries, Inc. v. RobHal, Inc.*, 961 F. Supp. 822, 830 (E.D. Pa. 1997).

53. Enjoining Defendant in state court is necessary to protect the judgment of the District Court as to the arbitration issues raised in this Complaint because a valid, enforceable arbitration agreement exists covering Defendant's claims.

WHEREFORE, Plaintiffs, Golden Gate National Senior Care, LLC, GGNSC Meyersdale, LP, d/b/a Golden Living Center – Meyersdale; GGNSC Meyersdale GP, LLC; GPH Meyersdale, LP; GPH Meyersdale GP, LLC; GGNSC Holdings, LLC; GGNSC Equity Holdings, LLC; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; and Golden Gate Ancillary, LLC, respectfully request that this Honorable Court enter an Order enjoining Defendant from further pursuing claims in the Court of Common Pleas of Somerset County, Pennsylvania.

BURNS WHITE LLC

By: */s/ Patrick L. Mechas, Esquire*
    Patrick L. Mechas, Esquire
    PA ID. #61362
    Andrew C. Hazi, Esquire
    PA ID. #307786

    Burns White LLC
    Burns White Center
    48 26th Street
    Pittsburgh, PA   15222
    (412) 995-3000
    plmechas@burnswhite.com
    achazi@burnswhite.com
    *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 13, 2017, the foregoing COMPLAINT TO COMPEL ARBITRATION AND STAY PROCEEDINGS IN COURT OF COMMON PLEAS OF SOMERSET COUNTY, PENNSYLVANIA, has been electronically filed and served upon all counsel of record via the Court's ECF filing system.

>Michael T. Collis, Esquire
>Wilkes & McHugh, P.A.
>The Frick Building, Suite 912
>437 Grant Street
>Pittsburgh, PA 15219
>*(Counsel for Defendant)*

>BURNS WHITE LLC

>By: */s/ Patrick L. Mechas, Esquire*
>     Patrick L. Mechas, Esquire