IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC MEYERSDALE, LP, d/b/a GOLDEN LIVING CENTER — MEYERSDALE, LP; GGNSC MEYERSDALE GP, LLC; GPH MEYERSDALE, LP; GPH MEYERSDALE GP, LLC; GGNSC HOLDINGS, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC CLINICAL SERVICES, LLC; and GOLDEN GATE ANCILLARY, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:17-cv-164<br><br>JUDGE KIM R. GIBSON |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| HOPE N. HENDERSHOT-BROWN, *Administratrix for the Estate of* JOHN R. HENDERSHOT, *deceased*, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

I. Introduction

Before the Court is Defendant's Motion to Stay Proceedings Pending Resolution of Collateral Action in State Court. (ECF No. 10.) Defendant's Motion is fully briefed (ECF Nos. 10, 12, 13) and ripe for disposition.

For the reasons that follow, Defendant's Motion to Stay will be **GRANTED**.

II. Relevant Factual and Procedural Background

John R. Hendershot ("Mr. Hendershot"), deceased, was a resident at the skilled nursing home known as Golden Gate National Senior Center Meyersdale, LP ("the

Facility") in Somerset County, Pennsylvania. (ECF No. 10 at 1.) Defendant contends that Mr. Hendershot suffered several injuries and/or illnesses during his residency at the Facility because of the Facility's negligence and/or recklessness. (*Id.* at 1-2.)

On August 25, 2017, Defendant[1] filed a Complaint in the Court of Common Pleas of Somerset County, Pennsylvania, against all Plaintiffs in the instant action. (*Id.* at 2.) Defendant's state-court Complaint alleges claims for injuries suffered by Mr. Hendershot pursuant to Pennsylvania's Survival Statute, 42 Pa. Stat. and Cons. Stat. Ann. § 8302, and Pennsylvania's Wrongful Death Act, 42 Pa. Stat. and Cons. Stat. Ann. § 8301. (*Id.*; ECF No. 10-2.)

Separately, Plaintiffs commenced the instant action before this Court by filing their Complaint on September 13, 2017, asking this Court to compel arbitration pursuant to a purported arbitration agreement allegedly signed by Mr. Hendershot at the time of his admission to the Facility. (ECF No. 1; ECF No. 10 at 2.)

Defendant filed the instant Motion to Stay and a Motion to Dismiss on November 17, 2017. (ECF Nos. 8, 10.) Plaintiffs responded in opposition on December 12, 2017. (ECF Nos. 12, 13.)

Based on the record before this Court and the undisputed, updated information provided by counsel for all parties at the Initial Rule 16 Conference held on January 18, 2018, the Court finds that the related suit filed in the Somerset County Court of Common Pleas is an ongoing suit that includes all of the parties to the matter before this Court and

---

[1] For the purposes of this Memorandum Opinion and the accompanying Order, "Plaintiffs" refers to the above-captioned Plaintiffs in the instant matter before this Court, and "Defendant," likewise, refers to the above-captioned Defendant in the instant matter before this Court.

fully encompasses the same factual circumstances before this Court. (*See* ECF Nos. 10, 12, 13, 20.) Moreover, this Court finds that the state court denied Plaintiffs' motion to stay the state court action, ordered a 90-day period of discovery regarding the enforceability of the arbitration agreement that is the subject matter of the instant matter before this Court, and plans to rule on Plaintiff's preliminary objections regarding the arbitration agreement after the close of this 90-discovery period and the submission of briefs/argument. (*See* ECF Nos. 10, 12, 13, 20.)

In essence, the identical legal and factual issues regarding the enforceability of the arbitration agreement are presently before both the Somerset County Court of Common Pleas in the form of Plaintiffs' preliminary objections and before this Court due to Plaintiffs' Complaint.

## III. Applicable Law

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Commw. Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Landis*, 299 U.S. at 254). As such, "the power to stay an action, in non-mandatory stay cases, is firmly within the discretion of the court." *First Am. Title Ins. Co. v. Maclaren, L.L.C.*, No. 10-CV-363, 2012 U.S. Dist. LEXIS 31508, at *13 (D. Del. Mar. 9, 2012) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)).

In determining whether a stay of the litigation is appropriate, a court must balance the interests favoring a stay against the interests frustrated by the granting of a stay. *Id.*

3

(citing *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)). In doing so, a court should consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and whether a trial date has been set. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014). A court may also consider (5) the length of the requested stay. *Structural Group, Inc. v. Liberty Mut. Ins. Co.*, No. 1:07-CV-1793, 2008 U.S. Dist. LEXIS 82266, at *13 (M.D. Pa. Oct. 16, 2008).

The "party requesting a stay bears the burden of showing that the circumstances justify an exercise" of the Court's discretion to issue a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

### IV. Discussion

In weighing the competing interests presented here, the Court concludes that a stay is warranted in the instant matter. The Court will separately address each factor applicable to a motion to stay.

#### A. Undue Prejudice to the Non-Moving Party

A stay would not unduly prejudice Plaintiffs. Plaintiffs have the opportunity and, in fact, are already seeking the identical remedy sought here, i.e., a court order compelling arbitration, in the action before the Somerset County Court of Common Pleas. (*See* ECF Nos. 10, 12, 13, 20.) Defendant initiated the state-court action 19 days before Plaintiffs initiated the instant action before this Court. (*See* ECF Nos. 10, 12, 13, 20.) In the state-court

4

action, Plaintiffs have also already filed preliminary objections based on the same arbitration agreement underlying the instant matter, participated in oral argument regarding those preliminary objections on January 10, 2018, began a 90-day discovery period on the arbitration agreement, and, following discovery, will argue the identical issues raised before this Court. (*See* ECF Nos. 10, 12, 13, 20.)

Plaintiffs scarcely suffer undue prejudice through the adjudication of the identical factual and legal issues before a qualified state court that is already handling the underlying claims. The litigation before the state court began 19 days prior to Plaintiffs filing their Complaint with this Court, and the state court has already held oral arguments and entered an order providing for a 90-day period of discovery concerning the arbitration agreement. The grant of a stay in this action prevents duplicative state and federal proceedings on the identical factual and legal issues regarding the arbitration agreement. Thus, rather than causing Plaintiffs undue prejudice, granting a stay saves the parties from expending the time, energy, and money necessary to litigate identical issues in front of separate forums. This first factor weighs in favor of entering a stay.

### B. Hardship or Inequity to the Moving Party

If this Court denied the Motion to Stay, Defendant would suffer hardship because, as just discussed, Defendant would be required to expend the time, energy, and money to litigate wholly overlapping factual and legal issues before two forums. In the matter before this Court, little or no case-specific discovery has occurred, no trial date has been set, and the Court only recently issued an Initial Scheduling Order on January 18, 2018. The parties have expended minimal resources in the instant action.

In contrast, the state action has advanced through oral arguments and into discovery. Therefore, denial of the Defendant's Motion to Stay would cause undue hardship on Defendant through the unnecessary simultaneous litigation of the same issues in multiple forums. This second factor weighs in favor of granting the Motion to Stay.

## C. Simplification of Issues

With respect to the third factor, the Court must consider "'whether a stay would simplify the issues and the trial of the case.'" *Akishev*, 23 F. Supp. 3d at 448 (quoting *Actelion Pharms., Ltd. v. Apotex Inc.*, No. 12-CV-5743, 2013 U.S. Dist. LEXIS 135524, at *15 (D.N.J. Sept. 6, 2013)). A stay would allow the state court to decide whether the arbitration agreement requires Defendant's underlying claims to proceed through arbitration. Indeed, the resolution of the issue of arbitration by the Somerset County Court of Common Pleas would appear to obviate the need to continue the proceedings before this Court entirely because those issues pending before the state court and pending before this Court are identical.

Consequently, a stay simplifies the issues before this Court by allowing the original forum to resolve the identical issues first-presented to it, rather than having simultaneous, potentially inconsistent rulings from separate forums. Thus, the third factor weighs in favor of entering a stay.

## D. Status of the Litigation

With respect to the fourth factor, "the Court evaluates Defendants' motion for a stay in accordance with the scope of presently completed discovery and the scheduling of a trial date." *Akishev*, 23 F. Supp. 3d at 448. As discussed *supra*, in the case before this Court, no trial date has been set, and the Court only recently issued an Initial Scheduling Order on

6

January 18, 2018. The parties have expended minimal resources in the instant action. In contrast, the state action has advanced through oral arguments and into discovery. Therefore, the fourth favor weighs in favor of granting Defendant's Motion to Stay.

### E. Length of the Requested Stay

The length of the requested stay aligns with the length of the state court proceeding on the identical issues that have already progressed further than the same proceedings before this Court. While the stay the Court enters here does not have a specific date of termination, this stay is not indefinite. Rather, this stay is timed to expire with the resolution of the enforceability of the arbitration agreement by the Somerset County Court of Common Pleas.

The state court has already held oral argument, set a 90-day discovery period, and will accept briefs and arguments—all on the same factual and legal issues presented to, but not yet considered by, this Court. The length of the stay is appropriate because it lasts no longer than the state court's already-ordered period of discovery and subsequent prompt resolution of the enforceability of the arbitration agreement. Thus, the final factor also weighs in favor of entering a stay.

### V. Conclusion

In sum, all five factors weigh in favor of this Court granting Defendant's Motion to Stay. Moreover, this Court believes that the entry of a stay in this matter is appropriate to permit proceedings germane to the question of the arbitration of the state court claims and defenses to proceed in the state court based on the principles of comity and federalism, to avoid the potential of inconsistent or conflicting dispositions, and to effectively and

7

efficiently use the finite resources of the parties and the state and federal judiciaries to expeditiously and fairly adjudicate the issues raised by the parties. *See Golden Gate Nat'l Senior Care LLC v. Leiner*, 2:16-cv-1301, at ECF No. 21 (W.D. Pa. Feb. 2, 2017) (Hornack, J.). Therefore, for the reasons set forth above, Defendant's Motion to Stay will be granted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC MEYERSDALE, LP, d/b/a GOLDEN LIVING CENTER — MEYERSDALE, LP; GGNSC MEYERSDALE GP, LLC; GPH MEYERSDALE, LP; GPH MEYERSDALE GP, LLC; GGNSC HOLDINGS, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC CLINICAL SERVICES, LLC; and GOLDEN GATE ANCILLARY, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:17-cv-164<br><br>JUDGE KIM R. GIBSON |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| HOPE N. HENDERSHOT-BROWN, *Administratrix for the Estate of* JOHN R. HENDERSHOT, *deceased*, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

**NOW**, this 19th day of January 2018, upon consideration of Defendant's Motion to Stay Proceedings Pending Resolution of Collateral Action in State Court (ECF No. 10), and in accordance with the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Defendant's Motion to Stay (ECF No. 10) is **GRANTED**.

Accordingly, it is **ORDERED** that this case is in all respects hereby **STAYED** pending the disposition of further proceedings in the Somerset County Court of Common Pleas. The Clerk of Court shall mark this case as **ADMINISTRATIVELY CLOSED**, subject

to being reopened for cause shown upon the motion of any party or by the Court on its own motion.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE